### 21183. CITY OF ATLANTA *et al.* v. HILLTOP APARTMENTS, INC.

ARGUED MARCH 14, 1961—DECIDED APRIL 6, 1961—
REHEARING DENIED APRIL 20, 1961.

*J. C. Savage, Newell Edenfield, J. C. Murphy,* for plaintiffs in error.

*Moreton Rolleston, Jr.,* contra.

DUCKWORTH, Chief Justice. In the view we take of this case, it is unnecessary to decide whether or not the court orders upon which the case is in part based, are such as contemplated by the 1959 act (Ga. L. 1959, p. 157), under which this action is brought. The petition alleges that, because of court orders, there has been activated that portion of the 1959 act, found in section 2, which reads as follows: "then all power conferred upon any such municipal corporation *by this Act* shall immediately terminate and cease to be effective and no such municipal corporation shall

thereafter have power or authority to levy and tax ad valorem or otherwise for the support and maintenance of public schools." It is conceded by counsel, and we think we would be required to take judicial cognizance of the fact, that municipal school taxes for the year 1959, which is the only year here involved, were already levied under prior law before the 1959 act was approved on March 10, 1959. The plain provisions of the 1959 act relate to what may be done under that act concerning levying school taxes, collecting taxes thus levied, and upon the happening of specified events this power—the power conferred by the 1959 act —shall cease. There is no attempt in the act to terminate any tax levy made under prior law or to take away power to collect taxes not levied under the 1959 act. The repealing clause of the act did not have the effect of nullifying tax levies made under the repealed law. Chaos would follow from such a result. The school authorities were charged with the high responsibility of operating the schools, which required them to act under existing law, and in the absence of expressed legislative intent so to do we will not construe their acts to mean or intend such dire consequences to those who acted in good faith under the law as it existed.

If it be contended that the repealing clause of the 1959 act eliminated authority to collect these taxes which were levied under prior law, we think there are two complete replies thereto, to wit: (1) the same law that authorized the levy also authorized the collection, and any repeal would not take away that power; and (2) the 1960 amendment (Ga. L. 1960, p. 147) provides that, notwithstanding anything to the contrary in the 1959 act as amended, such municipal corporations "shall have power to and may levy and collect any tax, the lien of which attached prior to" the admission of colored children to white schools. Nor are we concerned with an act of 1961 (Ga. L. 1961, pp. 35, 38) which repeals the amended 1959 act. As pointed out above, the levying of the tax under a valid law is enough to authorize its collection.

For the foregoing reasons, the petition alleges no cause of action, and it was error to overrule the general demurrer thereto.

*Judgment reversed. All the Justices concur.*